**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER REQUESTING SUPPLEMENTAL BRIEFING

Appellate case name: Hassell Construction Co. Inc., derivatively by and through its shareholder, Royce Hassell; R. Hassell & Company, Inc., and R. Hassell Builders, Inc. v. Springwoods Realty Company, Springwoods Realty, Inc., Harris County Improvement District #18, Walter P. Moore & Associates, Inc., d/b/a Walter P. Moore and Costello, Inc.

Appellate case number: 01-17-00822-CV

Trial court case number: 2016-85276

Trial court: 333rd District Court of Harris County

On May 13, 2022, Appellees Springwoods Realty Company and Springwoods Realty, Inc., (collectively, "Springwoods") filed a motion to dismiss Appellant Hassell Construction Company, Inc.'s ("HCCI") pending appeal as moot in light of a Release and Settlement Agreement executed among HCCI, Springwoods, and Harris County Improvement District #18 ("District") on June 27, 2018 and a Final Judgment entered on July 10, 2018 in Cause No. 2016-84811, styled *Hassell Construction Co., Inc. v. Springwoods Realty, Inc. and Harris County Improvement District #18* dismissing with prejudice all claims asserted by HCCI, Springwoods, and the District against one another in that action ("Second Lawsuit").[1]

The parties and causes of action asserted in the present appeal overlap extensively with those asserted in the Second Lawsuit. HCCI filed the Second Lawsuit on December 9, 2016, against Springwoods and the District for breach of the 2011 construction contract between HCCI and the District regarding construction of the Springwoods Village Parkway and related water and sanitary sewer lines, paving, and traffic and drainage improvements in Harris County, Texas ("Contract"). In the alternative, HCCI sought recovery against the District under Texas Local Government Code section 271.153(a)(2) and against Springwoods for assumpsit, quantum meruit, and unjust enrichment for the value of the work HCCI provided under the Contract. Springwoods asserted counterclaims against HCCI for breach of the Contract and "misrepresentation and

---

[1] Springwoods also argues that several points of error asserted by Appellants HCCI, R. Hassell & Company, Inc., and R. Hassell Builders, Inc. have been rendered moot by this Court's disposition in the related appeal *R. Hassell & Co., Inc. v. Springwoods Realty Co.*, No. 01-17-00154-CV, 2018 WL 1864627 (Tex. App.—Houston [1st Dist.] Apr. 19, 2018, pet. denied) (mem. op.), and thus, these points of error should be overruled.

omission liability."[2] Appellants R. Hassell & Company, Inc. and R. Hassell Builders, Inc. were not parties to the Second Lawsuit.

On December 12, 2016, HCCI, R. Hassell & Company, Inc., and R. Hassell Builders, Inc. (collectively "Appellants") filed the instant lawsuit against Springwoods, the District, Walter P. Moore & Associates, Inc., d/b/a Walter P. Moore ("WPM"), and Costello, Inc. seeking to recover damages for the increased costs they allegedly incurred in performing the same Contract involved in the Second Lawsuit. Royce Hassell filed this suit derivatively on behalf of HCCI, the same Plaintiff in the Second Lawsuit. Appellants sued Springwoods, the District, WPM, and Costello for breach of the Contract. In the alternative, Appellants sought recovery against the District under Texas Local Government Code section 271.153(a)(2) and against Springwoods, the District, WPM, and Costello for assumpsit, quantum meruit, and unjust enrichment to recover the full value of the work performed under the Contract less amounts, if any, already paid. Appellants also asserted claims for common law fraud, fraud by nondisclosure, fraud in the inducement, and conspiracy to defraud against Springwoods, the District, WPM, and Costello.[3]

In light of the similarities between the claims asserted by HCCI in the Second Lawsuit and those asserted by Appellants in the present appeal, all of which stem from or relate to the Contract, and the July 10, 2018 Final Judgment in the Second Lawsuit dismissing all claims asserted by HCCI, Springwoods, and the District against one another with prejudice (the "Final Judgment"), the parties are ordered to file supplemental briefing addressing the impact the Final Judgment had on this Court's jurisdiction over the present appeal and whether the appeal has become moot, in part, as a result of such Final Judgment.

Specifically, the parties are directed to address the impact, if any, the Final Judgment had on:

(1) HCCI's claims in this appeal for breach of contract, assumpsit, quantum meruit, unjust enrichment, common law fraud, fraud by nondisclosure, fraud in the inducement, and conspiracy to defraud asserted against Springwoods, the District, and WPM; and

(2) R. Hassell & Co., Inc.'s and R. Hassell Builders, Inc.'s claims in this appeal for breach of contract, assumpsit, quantum meruit, unjust enrichment, common law fraud, fraud by nondisclosure, fraud in the inducement, and conspiracy to defraud asserted against Springwoods, the District, and WPM.

The supplemental briefs may be in the form of a letter brief, but in no event shall any brief exceed **2,500 words**. Appellants' supplemental brief is due on or before **June 13, 2022**. Appellees' supplemental briefs are due on or before **June 23, 2022**. Appellants may file a reply brief, but in no event shall the reply brief exceed **1,250 words**. Appellants' reply brief, if any, is due on or before **June 28, 2022**.

The Court will not consider any documents attached to the requested briefs or cited therein that are not included in the appellate record. *See* TEX. R. APP. P. 38.7 ("A brief may be amended or supplemented whenever justice requires, on whatever reasonable terms the court may

---

[2] The District and Springwoods also asserted third-party claims against Walter P. Moore & Associates, Inc., d/b/a Walter P. Moore and Costello, Inc., but later nonsuited their claims against those parties.

[3] Although it is not clear from the pleadings, it is the Court's understanding for purposes of the requested briefing that Appellants are asserting all claims against all Appellees.

prescribe.").  Any brief that exceeds the applicable word limit will be automatically struck.  No extensions of word limits will be granted.  Barring extraordinary circumstances, no extensions of time will be granted.

It is so ORDERED.


Judge's signature:  ____/s/ Veronica Rivas-Molloy_____
☑  Acting for the Court

Date:  __June 2, 2022__

Panel consists of Justices Kelly, Countiss, and Rivas-Molloy.